

**ORDERED in the Southern District of Florida on May 1, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                         Case No: 17 - 11415 RAM
                                                                                    Chapter 13

   Flerida Rivera
                      Debtor                    /

## ORDER GRANTING MOTION TO VALUE  AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY VALUE-ADD MORTGAGE FUND LLC

THIS CASE came to be heard on April 18, 2017, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 8; the "Motion").

Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

   A.    The value of the debtor's real property (the "Real Property") located at

         20212 NW 42 Court, Miami Gardens FL 33055, and  more  particularly

         described as:

Lot 6 Block 6, Second addition to STARLIGHT
According to the Plat, recorded at Plat Book 93
Page 29 of the Public Records of Miami-Dade County.

AKA 20212 NW 42 Court, Miami Gardens, FL 33055
AKA 20212 NW 42 Court, Opa Locka, FL 33055

is $ $183,545 at the time of the filing of this case.

B.    The total of all claims secured by liens on the Real Property senior to the lien

of (the "Lender") is $ $302,309.12.

C.    The equity remaining in the Real Property after payment of all claims

secured by liens senior to the lien of Lender is $ -0- and Lender has a

secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.    The Motion is **GRANTED**.

2.    Lender has an allowed secured claim in the amount of $ -0- .

3.    [*Include only if appropriate*: Because Lender's secured interest in the Real

Property is $0, Lender's mortgage recorded on September 19,2007 at OR

BOOK 25935 Page 1102 of the official records of Miami-Dade County,

Florida shall be deemed void and shall be extinguished automatically,

without further order of the Court, upon entry of the debtor's discharge in this

chapter 13 case. If this case is converted to a case under any other chapter

or if the chapter 13 case is dismissed, Lender's mortgage will no longer be

considered void and shall be restored as a lien on the Real Property.]

4.    (Select only one):

___    Lender has not filed a proof of claim in this case. The trustee shall

not disburse any payments to Lender unless a proof of claim is timely

filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

  X   Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ 92,581.98            , regardless of the original classification in the proof of claim as filed.

5.     The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6.     Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

LEGAL SERVICES OF GREATER
MIAMI, INC.
Carolina A. Lombardi
Florida Bar No.  241970
Attorney for Debtor
4343 West Flagler Street Suite 100
Miami, FL 33134
Telephone and Facsimile: (305) 438-2427
Email: CLombardi@legalservicesmiami.org
Alt: MCabrera@legalservicesmiami.org

Attorney Carolina Lombardi is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.