# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:   Flerida Rivera                                Case No. 17-11415 RAM
                                                       Chapter 13


_____Debtor_____/


## OBJECTION TO CLAIM

### IMPORTANT NOTICE TO CREDITOR:
### THIS IS AN OBJECTION TO YOUR CLAIM

  This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

  If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

  The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.

  Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1(B)(2), the debtor objects to the following claim filed in this case:

| Claim No. | Name of Claimant | Amount of Claim | Basis for Objection and Recommended Disposition |
|---|---|---|---|
| 2 **/12-12-19 amendment | EDfinancial on behalf of US Dept. of Education ("EDF") | Unknown additional amount. Par. 7 amended to exclude interest or other charges (original claim all inclusive). | *See below*. Post-confirmation amendment prejudicial to debtor and creditors.<br><br>**Debtor recommends that her objection be sustained and the 12-12-19 Amendment to Claim No. 2 be stricken.** |

Further grounds for objection are as follows:

1. EDF filed original Claim No. 2 on February 27, 2017 in the amount of $26,660.48. The claim amount was inclusive of interest or other charges. EDF marked the "Yes" box in Paragraph 7 of the claim form. EDF additionally attached a computer-generated payoff schedule to the proof of claim that disclosed the calculation of the debt: $430.48 in interest; and $26,230.00 in principal, for a total claim sum of $26,660.48.

2. This claim was filed pre-Bar date for claims and pre-confirmation. Debtor accepted EDF's original claim and did not objected; accordingly, the claim was allowed. Debtor's amended plan treated EDF as an unsecured claimant in the same class as all unsecured creditors and provided for monthly payments for 36 months [DE# 33]. Debtor's Amended Chapter 13 Plan was confirmed on June 20, 2018 [DE# 58].

3. Two months prior to completion of the confirmed Plan terms, EDF now seeks to change its claim to *exclude* interest or other charges by marking the "No" box in Paragraph 7 of the claim form and thereby assert that $26,660.48 is now the principal sum due instead of $26,660.48 and some unknown sum is due for interest or other charges.

4. While this Court has found that filing an amendment to a proof of claim is not per se prohibited or a determining factor in disallowing an amendment, the Court recognized the prejudice is to be determined on a case-by-case basis. *In re Aguero*, 597 B.R. 190 (Bankr. S. D. Fla. 2018).

5. Here, prejudice is shown from the lateness of the filing, the fact that the amount allegedly due is some unknown number, the fact that the Debtor's Plan required monthly payments over 36 months that the Chapter 13 Trustee disbursed to unsecured creditors in reliance on the confirmed Plan and original Clam No. 2. Disallowance of the amendment is supported by existing

law. *See in re George*, 426 B.R. 895 (Bankr. M.D. Fla 2010) (undue prejudice existed to disallow amendment to claim filed post-confirmation due to late timing, size of claim, effect on monthly payment Debtor would have to make under the confirmed plan, and prejudice to other unsecured creditors); *In re Mason*, 520 B.R. 508 (Bankr. S.D. Miss 2014) (undue prejudice existed to disallow amendment to claim filed after plan payments were made in full, Chapter 13 trustee was closing case, amendment would cause Debtor to have to pay another $12,608.52 not contemplated by the confirmed plan and error resulted from creditor's own actions and not the debtor); and In re Martinez, 513 B.R. 779 (Bankr. P.R. 2014) (undue prejudice existed in light of 5-year delay to amend, amendment made after plan payments completed and amendment arose from creditor error).

6. Additionally, *In re Harding*, 423 B.R. 568 (Bankr. S. D. Fla. 2010) is instructive. The main issue in the case concerned discrimination in the Chapter 13 plan by the debtor classifying student loan debt separate from other unsecured creditor debt. That issue is not present here as the Debtor's confirmed Plan has a single unsecured creditor class. However, Judge Olsen addressed the fact that the confirmed Plan binds the creditor (here, EDF), and consequently post-confirmation charges for late fees, collection fees or penalties not requested in the original claim are not allowed when the debtor complied with the confirmed plan terms. Here, EDF has failed to disclose any basis for it to now assert the principal sum due is $430.48 more than the original claim sum (a change in principal from $26,660.48 $26,230.00) or that an unknown amount of "interest and other charges" are due that obviously would impact the Plan and distributions being made to other unsecured creditors.

7. Debtor prays for the Court to sustain this objection to the Amendment to Proof of Claim No. 2 filed by EDF, to strike such amendment and allows Claim No. 2 only as originally

Case No. 17-11415

filed on February 27, 2017, and to grant such other and further relief as the Court deems necessary and appropriate.

                                 LEGAL SERVICES OF GREATER MIAMI, INC.

                                 By               /s/
                                 Carolina A. Lombardi
                                 Florida Bar No.  241970
                                 Attorney for Debtor
                                 4343 West Flagler Street Suite 100
                                 Miami, FL 33134
                                 Telephone and Facsimile: (305) 438-2427
                                 Email: CLombardi@legalservicesmiami.org
                                 Alt: SFreire@legalservicesmiami.org